Jason Balogh (CSB # 238199)
jason@baloghlaw.com
Balogh Law Ltd.
6680 Alhambra Avenue, Suite 101
Martinez, CA  94553
Telephone/Fax: 925-575-80567


Attorneys for Plaintiff Sidney Holloway

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY HOLLOWAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF RICHMOND, a municipal corporation; RICHMOND CHIEF OF POLICE BISA FRENCH; Police Officer TERRELL, individually and in his capacity as an officer for the Richmond Police Department; Police Officer STOCKING, individually and in his capacity as an officer for the Richmond Police Department; and DOES 1 through 20.<br><br>　　　　　Defendants. | Case No. 3:24-cv-05315<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. Section 1983)**<br><br>**(JURY TRIAL DEMANDED)** |

# INTRODUCTION

1. This action arises out of Richmond Police Department Officer Terrell (first name presently unknown, badge number 1712), Officer Stocking (first name presently unknown, badge number 1824), and other Richmond Police Officers' (Does 1-10) unconstitutional excessive force and beating of Sidney Holloway ("Plaintiff"). On July 5, 2023 at approximately 6:00 p.m. in Richmond California, without need or legal justification, Officers Terrell, Stocking, and DOES 1-10 assaulted, battered, and slammed Mr. Holloway to the ground while he was defenseless and unresisting. The officers caused great harm to Mr. Holloway including a broken ankle, and serious injuries to his arm, shoulder, rotator cuff, knees, back, and wrist, among others.

2. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the excessive and unreasonable force used on Mr. Holloway.

# JURISDICTION AND VENUE

3. This action arises under Title 42 of the United States Code § 1983. Title 28 of U.S.C. §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Richmond, Contra Costa County, California, which is within the judicial district of this Court. The Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. §1367.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and the incidents, acts, and omissions giving rise to Plaintiff's claims occurred in this district, in Contra Costa County, California.

# ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5. This action at law for money damages arises under Title 42 U.S.C. Sections, 1983 and 1988 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of authority, state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth, and Fourteenth Amendments of the United States Constitution.

2
COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

**IDENTIFICATION OF PARTIES**

6. Plaintiff SIDNEY HOLLOWAY sues to prosecute an action for violation of his 4th Amendment rights. At all relevant times mentioned herein, Plaintiff was a resident of Contra Costa County, California. Plaintiff is readily apparent as African-American.

7. Defendant CITY OF RICHMOND (hereinafter "CITY") is a municipal corporation duly organized and existing under the laws of the State of California. At all times mentioned herein, City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Richmond Police Department and its tactics, methods, practices, customs and usage. At all relevant times, City was the employer of Defendants French, Terrell, Stocking, and DOES 1 through 10.

8. Defendant BISA FRENCH is the Chief of Police for the City of Richmond and she committed the acts complained of herein while acting as such and she is sued herein in her official capacity.

9. Defendant Officer TERRELL (first name presently unknown, badge number 1712) is and was at all relevant times employed as a police officer by the CITY and committed the acts complained of herein while acting within the scope and course of his official duty as a police officer. He is sued in both his individual and official capacity.

10. Defendant Officer STOCKING (first name presently unknown, badge number 1824) is and was at all relevant times employed as a police officer by the CITY and committed the acts complained of herein while acting within the scope and course of his official duty as a police officer. He is sued in both his individual and official capacity.

11. Plaintiff is unaware of the true names of those persons sued herein as Does 1 through 20 and therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that said Defendants are police officers employed by the CITY and that their wrongful acts proximately caused Plaintiff's injuries and violated his civil rights. Plaintiff shall substitute the true names of such defendants when they become known.

12. Each of the acts complained of herein was taken, and each violation of Plaintiff's rights occurred, pursuant to the policies, practices and/ or customs of the Defendant Richmond Chief of

Police, Bisa French (hereinafter "Chief"). Each act complained of was approved, condoned and/or ratified by the person of authority, the Defendant Chief, French and possibly others.

13. In committing each of the violations of law complained of herein defendants, their agents and employees were acting under color of law. The acts complained of were willful, wanton, malicious and displayed a conscious disregard of, and in deliberate indifference to Plaintiff's constitutional rights.

14. Plaintiff demands a jury trial.

## ADMINISTRATIVE PREREQUISITES

15. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff timely filed a tort claim against the City of Richmond. On or about May 15, 2024, Plaintiff received notice that the City rejected his claim. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## STATEMENT OF FACTS

16. On July 5, 2023, at approximately 6:00 p.m. in Richmond, California, Mr. Holloway arrived home to find Officers Terrell and Stocking, along with DOES 1-10 (the "Officers"), outside his residence. Mr. Holloway is a 60-year-old African-American man, who was recovering from back surgery. As Mr. Holloway walked down the side of his residence toward the back door, the Officers were lying in wait for him. Without need or legal justification, the Officers, surprised Mr. Holloway, immediately and aggressively grabbed him, handcuffed him, and then violently slammed Mr. Holloway onto the ground. Mr. Holloway was assaulted, battered, and slammed to the ground while he was completely defenseless. Then without any explanation, Mr. Holloway was taken by the Officers against his will to a psychiatric facility in Martinez, where he was given medication, against his will, before he was transferred to the hospital for treatment of his injuries. Mr. Holloway was held against his will, by Defendants, at the hospital until July 8, 2023. On July 8, 2023, Defendants took Mr. Holloway, once again against his will, to Fremont Hospital, where he was held against his will for over two weeks. Mr. Holloway suffered severe injuries including a broken ankle, rotator cuff injury, and injuries to his back, shoulder, wrist and knee. Plaintiff continues to experience physical pain and severe emotional distress, to the present.

**DAMAGES**

17. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

18. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

**FIRST CAUSE OF ACTION**

**Violation of Civil Rights- 42 U.S.C. Section 1983 – Against Defendants Officers Terrell, Stocking, and DOES 1 through 10**

19. Plaintiff re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 18, above, as if fully set below.

20. 42 U.S.C. § 1983 provides in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

21. Plaintiff had a firmly established right under the Fourth and Fourteenth Amendments to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against him.

22. Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

23. Defendants, acting in the performance of their official duties, used excessive force against Plaintiff.

24. Plaintiff posed no threat to the Defendant Officers or anyone else when he was attacked, and slammed to the ground.

25. The use of force by Defendants in assaulting Plaintiff, including slamming him to the ground, was unreasonable under the prevailing circumstances and thus violated the Plaintiff's right not to be subjected to unreasonable seizure guaranteed by the Fourth Amendment of the United States Constitution.

26. The use of force and slamming of Plaintiff to the ground was unnecessary, unreasonable, and excessive, and constituted unreasonable search and seizure.

27. In using excessive force, the Defendant Officers were acting in accordance with widespread informal practices and customs maintained by the City and Richmond Police Department.

28. Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

29. The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

30. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE Plaintiff seeks relief as set forth below.

### SECOND CAUSE OF ACTION

### Violation of Civil Rights – 42 U.S.C. Section 1983 - Monell claim against Defendants City, Chief, and DOES 11 through 20

31. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 30, above, as if fully set below.

32. On information and belief Defendants Terrell, Stocking, and DOES 1-10 conduct, individually and as peace officers, was ratified by Chief and City's police department supervisorial officers DOES 11-20.

33. Defendants City and Chief had a duty to adequately train, supervise and discipline their police officers in order to protect members of the public, including Plaintiff, from being harmed by the police unnecessarily.

34. On and for some time prior to July 5, 2023, (and continuing to the present day) Defendants, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    a. Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written City Police Department policies, including the use of excessive force, respect for the Fourth Amendment;

    b. Of inadequately supervising, training, controlling, assigning, and disciplining City Police officers, and other personnel, including Defendants who City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

    c. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are Police Officers of City;

    d. By failing to discipline City Police Officers' conduct, including but not limited to, unlawful seizures, excessive force;

    e. By ratifying the intentional misconduct of Defendants and other officers who are Police Officers of City;

    f. By having and maintaining an unconstitutional policy, custom and practice of arresting individuals without probable cause or reasonable suspicion, and using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

    g. By failing to properly investigate claims of unlawful seizures and excessive force by City Police Officers.

35. By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Plaintiff was severely injured and subjected to pain and suffering and lost his earning capacity for which Plaintiff is entitled to recover damages.

36. Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

37. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the rights of Plaintiff. Each of their actions was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

38. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Plaintiff.

39. Said Defendants were deliberately indifferent to such duties and thereby proximately caused injury to Plaintiff as complained of herein.

WHEREFORE Plaintiff seeks relief as set forth below.

### THIRD CAUSE OF ACTION

### Violation of California Civil Code Section 52.1 - Against Defendants Officers Terrell, Stocking, and DOES 1 through 10

40. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 39, above, as if fully set below.

41. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

42. As a direct and proximate result of Defendants' violation of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

43. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code § 52.1(h).

44. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

45. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION

### Battery - Against Defendants City, Officers Terrell, Stocking, and DOES 1 through 10

46. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 45, above, as if fully set below.

47. Defendants touched Plaintiff with the intent to harm or offend him.

48. Plaintiff did not consent to the touching and was harmed by it.

49. A reasonable person in Plaintiff's situation would have been offended by the touching.

50. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages

according to proof at the time of trial. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress - Against Defendants City, Officers Terrell, Stocking, and DOES 1 through 10

51. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 50, above, as if fully set below.

52. Defendants' conduct as described herein was outrageous.

53. Defendants intended to cause Plaintiff emotional distress.

54. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

55. Plaintiff suffered severe emotional distress from Defendants' harassment.

56. Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

57. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

58. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION

### Negligence - Against Defendants City, Officers Terrell, Stocking, and DOES 1 through 10

59. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 58, above, as if fully set below.

60. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Officers

Terrell, Stocking, and DOES 1-10 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Officers Terrell, Stocking, and DOES 1-10 were acting within the course and scope of their employment and/or agency with Defendant City. As such Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Officers Terrell, Stocking, DOES 1-10 pursuant to section 815.2 of the California Government Code.

61. Defendants acted negligently in their use of force against Plaintiff and in their conduct committed against Plaintiff.

62. Plaintiff was harmed and Defendants' negligence was a substantial factor in causing his harm.

63. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

## Violation of Ralph Civil Rights Act of 1976 CALIFORNIA CIVIL CODE §51.7 - Against All Defendants

64. Plaintiff hereby re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 63, above, as if fully set below.

65. Plaintiff claims that defendants committed an act of violence against her because of his race, color, national origin, or sexual orientation. Defendants committed a violent act against the Plaintiff's person. A substantial motivating reason for defendants' conduct was their perception of the plaintiff's race, color, national origin, age, gender, sexual orientation, or other immutable characteristics. Plaintiff was harmed and Defendants' conduct was a substantial factor in causing harm to Plaintiff.

66. Defendants racially profiled Plaintiff and waited for him to round his residence before surprising him. During the incident, there were other people present and watching the events unfold. However, Defendants ignored the others and attacked Plaintiff. Plaintiff did not pose any threat to the officers. Nor did Plaintiff commit any crime. However, Defendants focused their attention on Plaintiff, who was readily apparent as African American. Defendants did not use any force against any lighter skinned bystanders. Defendants' used force against Plaintiff due to his race.

67. As a result, Defendants are liable for Ralph Civil Rights Act violations. Defendants City and Chief are liable under principles of respondeat superior, since Defendant Officers were acting in the course and scope of their employment at the time of the incident

68. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

69. Plaintiff hereby demands a jury trial in this action.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief as set forth below:

1. For general damages in the amount according to proof;
2. For special damages in amount to be determined at trial;
3. For punitive damages in an amount according to proof against each Defendant Officers Terrell, Stocking, and DOES 1-10;
4. For costs of suit and reasonable attorneys' fees pursuant to statute;
5. For all other relief to which they may be legally entitled.

DATED: August 16, 2024                                  BALOGH LAW LTD.

By:     /s/ Jason Balogh
JASON BALOGH
Attorney for Plaintiff Sidney Holloway

12
COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS